1 │ MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
2 │ JASON M. RICHARDSON (State Bar No. 250916)
jmr@severson.com
3 │ SEVERSON & WERSON
A Professional Corporation
4 │ One Embarcadero Center, Suite 2600
San Francisco, California 94111
5 │ Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6 │
Attorneys for Defendants
7 │ BANK OF AMERICA N.A.
MORTGAGE ELECTRONIC
8 │ REGISTRATION SYSTEMS AND U.S.
BANK
9 │

10 │

11 │ UNITED STATES DISTRICT COURT

12 │ FOR THE EASTERN DISTRICT OF CALIFORNIA

13 │ SACRAMENTO DIVISION

14 │

15 │ ISAAC GUTIERREZ and PURIFICACION INFANTE,    │  Case No. 2:14-CV-01246CKD

16 │              Plaintiffs,    │  **DEFENDANTS' NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

17 │         vs.

18 │ BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATIONS
19 │ SYSTEMS, INC, ("MERS"); AND U.S. BANK, NATIONAL ASSOCIATION AS    │  Date:    August 20, 2014
20 │ TRUSTEE FOR THE HARBORVIEW MORTGAGE LOAN TRUST 2005-12    │  Time:    10:00 a.m.
Courtroom: 24; 8th floor
21 │ MORTGAGE LOAN PASS THROUGH CERTIFICATES, SERIES 2005-12,    │  Judge:   Hon. Carolyn K. Delaney

22 │
23 │              Defendants.

24 │

25 │

26 │

27 │

28 │

70000.1907/3318766.2

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Wednesday, August 20, 2014, at 10:00 A.M., or as soon thereafter as counsel may be heard in Courtroom 24, 8th Floor, of the above-entitled court at 501 I Street Sacramento, CA 95814, before the Honorable Judge Carolyn K. Delaney, Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A. will, and hereby do, move to dismiss plaintiff the Complaint of Plaintiffs Isaac Gutierrez and Purificacion Infante pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint fails to state a claim upon which relief may be granted as explained further in the accompanying memorandum of points and authorities.

This motion is based on this motion and notice of motion, the accompanying memorandum of points and authorities, the request for judicial notice, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion. The defendants respectfully request an order dismissing the Complaint with prejudice.

DATED: June 25, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
Jason M. Richardson

Attorneys for Defendants BANK OF AMERICA N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and U.S. BANK, N.A.

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................1

II.  FACTUAL BACKGROUND ..................................................................................2

    A.  Plaintiff Isaac Gutierrez's Failure to Meet his Loan Payment Obligations and the Resulting Nonjudicial Foreclosure. ...................................................2

    B.  Plaintiffs' Previous Lawsuits against the Moving Defendants. ...................2

    C.  Plaintiffs' Allegations in this Case. ............................................................4

III.  STANDARDS GOVERNING THIS MOTION .......................................................5

IV.  ARGUMENT ..........................................................................................................6

    A.  Plaintiffs' First Cause of Action Fails to State a Claim for Wrongful Foreclosure. ...............................................................................................6

    B.  Plaintiffs' Second Cause of Action Fails to State a Claim to Quiet Title. .................9

    C.  Plaintiffs' Third Cause of Action Fails to State a Claim for "Cancellation of Instruments." .........................................................................................10

    D.  Plaintiffs' Fourth Cause of Action Fails to State a Claim under California Business and Professions Code Section 17200. ........................................10

V.  CONCLUSION ......................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abdallah v. United Sav. Bank,*
43 Cal.App.4th 1101 (1996) ........................................................................... 9

*Aceves v. U.S. Bank,*
192 Cal.App.4th 218 (2011) .......................................................................... 8

*Aguilar v. Bocci,*
39 Cal.App.3d 475 (1974) ............................................................................. 9

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................................. 5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 555 (2007) .............................................................................. 5

*Berryman v. Merit Prop. Mgmt., Inc.,*
152 Cal.App.4th 1544 (2007) ...................................................................... 11

*Candelo v. NDex West, LLC*
2008 WL 5382259 (E.D. Cal. Dec. 23, 2008) .............................................. 8

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
20 Cal.4th 163 (1999) .................................................................................. 11

*citing Wise v. Southern Pac. Co.,*
223 Cal.App.2d 50, 59 (1963)......................................................................... 7

*Claridge v. RockYou, Inc.,*
785 F.Supp.2d 855 (N.D. Cal. 2011) .......................................................... 11

*Dool v. First Nat'l Bank*
(1929) 207 Cal. 347 ....................................................................................... 4

*Epstein v. Washington Energy Co.,*
83 F.3d 1136 (9th Cir. 1996) ......................................................................... 5

*FPCI RE-HAB 01 v. E & G Invs., Ltd.,*
207 Cal.App.3d 1018 (1989).......................................................................... 9

*Gomes v. Mortgage Elec. Registration Sys., Inc.,*
2012 WL 370542 (E.D. Cal. Feb. 3, 2012).............................................. 4, 5, 7

*Hall v. Time Inc.,*
70 Cal.Rptr.3d 466 (2008) ........................................................................... 10

*Haskins v. Moynihan,*
   2010 WL 2691562 (D. Ariz. July 6, 2010) ...................................................... 6

*Johnson v. Riverside Healthcare Sys.,*
   534 F.3d 1116 (9th Cir. 2008) ........................................................................ 5

*Joyner v. Bank of Am. Home Loans,*
   2010 WL 2953969 (D. Nev. July 26, 2010) ................................................. 6, 7

*Kasky v. Nike, Inc.,*
   27 Cal.4th 939 (2002) ................................................................................... 11

*Knapp L. Angell v. Superior Ct.,*
   73 Cal.App.4th 691, 700 (1999) ..................................................................... 8

*Lariviere v. Bank of N.Y. as Tr.,*
   2010 WL 2399583 (D. Me. May 7, 2010) ....................................................... 6

*Le Mesnager v. Hamilton*
   101 Cal. 532 (1894) ....................................................................................... 4

*Lee v. City of Los Angeles,*
   250 F.3d 668 (9th Cir. 2001) .......................................................................... 5

*Lona v. Citibank, N.A.,*
   202 Cal.App.4th 89 (2011) ............................................................................. 8

*McKell v. Washington Mut. Inc.,*
   142 Cal.App.4th 1457 (2006) ......................................................................... 7

*Meux v. Trezevant,*
   132 Cal. 487 (1901) ....................................................................................... 8

*Otword v. Southern Pac. Transp. Co.,*
   166 Cal.App.3d 452 (1985) ............................................................................ 7

*Poirier v. Gravel,*
   88 Cal. 79 (1891) ........................................................................................... 7

*Progressive West Ins. Co. v. Superior Ct.,*
   135 Cal.App.4th 263 (2005) ........................................................................... 7

*Putkkuri v. ReconTrust Co.*
   2009 WL 32567 (S.D. Cal. Jan. 5, 2009) ...................................................... 7

*R & B Auto Ctr., Inc. v. Farmers Grp., Inc.,*
   140 Cal.App.4th 327 (2006) ......................................................................... 10

*Rosal v. First Fed. Bank of Cal.,*
   671 F.Supp.2d 1111 (N.D. Cal. 2009) ....................................................... 5, 11

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*San Diego Home Solutions, Inc. v. ReconTrust Co.*
    2008 WL 5209972 (S.D. Cal. Dec. 10, 2008) ........................................................................ 8

*Saul v. U.S.,*
    928 F.2d 829 (9th Cir. 1991) ........................................................................................... 11

*Tina v. Countrywide Home Loans, Inc.*
    2008 WL 4790906 (S.D. Cal. Oct. 30, 2008) ..................................................................... 8

*Twaite v. Allstate Ins. Co.,*
    216 Cal.App.3d 239, 252 (1989) ....................................................................................... 7

*United States Cold Storage v. Great W. Sav. & Loan Ass'n,*
    165 Cal.App.3d 1214 (1985) ............................................................................................. 9

*Watkins v. Bryant*
    91 Cal. 492 (1891) ........................................................................................................... 4

*Western Fed. Sav. v. Heflin,*
    797 F.Supp. 790 (N.D. Cal. 1992) ..................................................................................... 5

**STATUTES, RULES**

Cal. Business & Professions Code
    § 17204 ............................................................................................................................. 10

Cal. Civil Code
    § 1091 ................................................................................................................................. 4
    § 2924 .............................................................................................................................. 7, 8

Federal Rule of Civil Procedure
    Rule 12 ...................................................................................................................... 1, 3, 5

**OTHER AUTHORITIES**

Joyce Palomar, 3 Patton & Palomar on Land Titles § 567.50 (3d ed. 2009) ...................... 4

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is yet another lawsuit filed by borrowers who failed to meet their home loan payment obligations and have chosen to sue in an attempt to prolong the consequences through litigation. Having failed to meet their payment obligations on a $1,125,000 residential property loan, Plaintiffs Isaac Gutierrez, and Purificacion Infante ("Plaintiffs") bring this action to challenge the resulting nonjudicial foreclosure that has now been completed.

Plaintiffs' complaint appears to rest on allegations that the securitization of Mr. Gutierrez's loan somehow violated the terms of a pooling and servicing agreement which neither plaintiff was a party to, and which Plaintiffs assert somehow relieves them of their responsibilities to meet their loan payment obligations, and purportedly invalidates the nonjudicial foreclosure.

Based on this thoroughly discredited theory, Plaintiffs attempt to sue Defendants Bank of America, N.A. ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A. (collectively, "Defendants"). Again.

Significantly, the present pleading represents Plaintiffs' *third attempt* in a little more than a year to file this lawsuit against these named defendants. Plaintiffs dismissed their first lawsuit on the eve of a hearing on a demurrer that likely would have resulted in the lawsuits' dismissal with prejudice in state court. Plaintiffs then voluntarily dismissed their second lawsuit after this court granted defendants' rule 12(b)(6) motion to dismiss. Only to immediately re-filed their claims once again.

This cynical and transparent attempt to forestall the consequences of their default through litigation fails to state a claim as a matter of law – for a third time. Accordingly, Defendants request that this Court grant their present motion to dismiss in its entirety and without leave to amend, dismissing Plaintiffs' claims with prejudice.

## II. FACTUAL BACKGROUND

**A.      Plaintiff Isaac Gutierrez's Failure to Meet his Loan Payment Obligations and the Resulting Nonjudicial Foreclosure.**

Plaintiff Isaac Gutierrez acquired an interest in the property located at 4594 McCready Court, Fairfield, CA, 94534 ("the subject property"), in August of 2005, acquiring a loan in the amount of $1,250,000 from Paul Financial, LLC, which was secured by a deed of trust to the subject property.  (Request for Judicial Notice in Support of Demurrer ("RJN"), Exhibits 1 and 2.)[1]

After acquiring this loan, Plaintiff Isaac Gutierrez fell into default.  In June of 2008, he was served with a Notice of Default informing him he was $17,808.95 in default on the loan and advising him of the consequences of a failure to cure this loan deficiency.  (RJN, Ex. 3.)  Plaintiff failed to cure the default and repeated notices of trustee's sale have subsequently been issued and recorded.  (*Id.*, Exs. 4, 5 and 6.)

Eventually the property was sold at trustee's sale.  (RJN, Ex. 7.)

In response to this nonjudicial foreclosure, Plaintiffs have chosen to file three separate lawsuits, culminating with the present action.

**B.      Plaintiffs' Previous Lawsuits against the Moving Defendants.**

This is not the first time Plaintiffs have attempted to bring these claims.

Or the second.

On March 14, 2013, Plaintiffs filed an unlimited civil action against Bank of America, Recontrust Company, N.A., and MERS in Solano County Superior Court.  (RJN, Ex. 9.)  In response, defendants in that case filed a demurrer, seeking to obtain dismissal of Plaintiffs' claims for failure to state a cause of action as a matter of law, and noticing the demurrer for hearing August 19, 2013.  (*Id.*, Ex. 10.)

---

[1] Plaintiff Isaac Gutierrez later transferred his interest in the subject property to third party Jorge Gutierrez, in a Grant Deed recorded on June 8, 2006.  (See RJN, Ex. 8.)  Given that Plaintiff has transferred his interest in the property through this grant, he appears to lack standing to assert the present claims.  The claims would therefore fail as asserted by Mr. Gutierrez even if they did not fail as a matter of law for the reasons asserted herein.

1    Plaintiffs responded to the demurrer by filing an opposition brief, which defendants met

2  with a reply brief.  (*Id.*, Exs. 11 and 12.)

3    Finally, just days before the hearing on Defendants' demurrer to Plaintiffs' complaint,

4  Plaintiffs chose to voluntarily dismiss their state court action without prejudice.  (*Id.*, Ex. 13.)

5  This dismissal was filed on August 13 – less than a week before the hearing on defendants'

6  demurrer was scheduled to occur.

7    Two days after dismissing that complaint, Plaintiffs filed their second lawsuit in this Court.

8  (RJN, Exs. 14 and 15.)  That lawsuit (like the present suit) sought to name as defendants Bank of

9  America, MERS, and U.S. Bank.  That lawsuit (like the present one) was based on allegations that

10  the securitization of their loan somehow violated a pooling and servicing agreement to which

11  Plaintiffs were not a party and therefore relieves them of their obligations to meet payment

12  obligations under their loan.  (RJN, Ex. 15 at ¶¶ 16-30.)  Defendants responded to Plaintiffs'

13  second lawsuit by filing a Rule 12(b)(6) motion to dismiss, which this Court granted on April 8 of

14  this year.  (RJN, Ex. 16.)  The Court's order included a detailed discussion and  analysis of

15  Plaintiffs' allegations concerning  securitization and the alleged pooling and servicing agreement,

16  expressly finding that "(1) Plaintiffs do not have standing to challenge the validity of the PSA; (2)

17  securitization of the loan does not void the beneficiary's interests; and (3) Plaintiffs cannot allege

18  that they were prejudiced by the foreclosure."  (*Id*. at 7: 1-4.)  The order granted Plaintiffs thirty

19  days to file any potential First Amended Complaint.  (*Id*. at 11:27 – 12:3.)

20    Plaintiffs did not do so.  Instead, Plaintiffs filed a voluntary dismissal of their second

21  lawsuit on May 2 of this year.  (RJN, Ex. 17.)

22    Less than three weeks later, Plaintiffs chose to file the present lawsuit – their third in

23  fourteen months.  This lawsuit names the same three defendants that were named on their 2013

24  Complaint and, like that Complaint, rests on allegations that the foreclosure violated a pooling and

25  servicing agreement which pursuant to the securitization of the loan.  Plaintiffs – once again –

26  attempt to argue that this purported agreement which they were never parties to relieves them of

27  their loan payment obligations or allows them to challenge the foreclosure despite their failure to

28  meet their loan payment obligations.  As this Court has already held just months ago, it does not.

70000.1907/3318766.2

3

## C.   Plaintiffs' Allegations in this Case.

Though far from a model of clarity, Plaintiffs' present complaint – like the complaint they filed then voluntarily dismissed just weeks before filing it – appears to rest on allegations that the securitization of their loan somehow violated a pooling and servicing agreement to which Plaintiffs were not a party and therefore relieves them of their obligations to meet payment obligations under their loan.

Plaintiffs allege that an agreement, which they now refer to as a "trust agreement" was made pursuant to the securitization of their loan.  (See Complaint ("Compl.") ¶¶ 14-19.)  (In previous versions of their allegations, they referred to this as a "pooling and servicing agreement.")  Plaintiffs continue to assert that the nonjudicial foreclosure of the subject property following their default violated the terms of this agreement.  (Id., ¶¶ 25-34.)

Plaintiffs do not allege that they were parties to this pooling and servicing agreement, nor do they attach it or provide its terms.  Instead, they appear to allege that this agreement to which they were not a party and which they do not supply somehow relieves them of their loan payment obligations.  As set forth in detail below, none of the four causes of action Plaintiffs seek to assert in what is effectively their first amended complaint states a valid cause of action under this or any cause of action.[2]

---

[2] Plaintiffs also make passing reference to MERS' capacity to act as nominee beneficiary, alleging that "MERS" is not the holder of the Note, and did not come within the definition of Note Holder as defined in the Note," attempting to conclude that "MERS" cannot acquire mortgage loans because it may only hold bare legal title in a nominee capacity." (Compl., ¶ 44.)  Such allegations have been thoroughly rejected and discredited.  No California statute or case law prohibits a lender from designating its nominee as beneficiary of the deed of trust securing its loan.  California law requires only that a deed of trust be in writing, adequately identify the parties and the property, and be properly signed and delivered.  (See Cal. Civ. Code § 1091; Dool v. First Nat'l Bank (1929) 207 Cal. 347, 353-54; Le Mesnager v. Hamilton (1894) 101 Cal. 532, 534-35; Watkins v. Bryant (1891) 91 Cal. 492, 494.)  Indeed, "[c]ourts have accepted MERS as reconciling modern lending practices with traditional real property law" and "recognize the entity serving as nominee or agent as the record holder of the encumbrance." (Joyce Palomar, 3 Patton & Palomar on Land Titles § 567.50 (3d ed. 2009).)  As this Court recently noted, "courts have been clear to allow MERS to conduct the foreclosure process when granted the power of sale provision." Gomes v. Mortgage Elec. Registration Sys., Inc., CIV. S-11-1790 KJM, 2012 WL 370542 (E.D. Cal. Feb. 3, 2012)  "[T]he mere status of MERS as nominee for the lender and beneficiary under the deed of (footnote continued)

1     Although Plaintiffs' newest counsel expands on these allegations at length, they are the

2 same allegations – and the same causes of action – that  that this Court rejected as a matter of law

3 just months ago. As described below, these allegations fail once again and for the same reasons.

### III. STANDARDS GOVERNING THIS MOTION

5     Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for

6 failure to state a claim upon which relief may be granted. To survive a motion to dismiss under

7 this standard, a complaint must contain sufficient factual matter, accepted as true, to state a claim

8 for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949

9 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reason-

10 able inference that a defendant is liable for the misconduct alleged. While a court "must take all

11 of the factual allegations in the complaint as true," it is "not bound to accept as true a legal

12 conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Bell Atl. Corp. v. Twombly*,

13 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are

14 insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington*

15 *Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).[3]

16     Similarly, where a plaintiff's complaint lacks a cognizable legal theory to support the

17 claims, dismissal under this standard is appropriate. *Johnson v. Riverside Healthcare Sys.*,

18 534 F.3d 1116, 1121 (9th Cir. 2008).

19     As set forth in detail below, Plaintiffs' allegations on what is in effect their first amended

20 complaint fall well short of this established standard.

23 trust cannot cause plaintiff any injury. *Id.*

24 [3] Although the court may not generally consider materials outside the pleadings in determining a
motion to dismiss, the court may consider matters properly subject to judicial notice, such as
25 matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).
Accordingly, this Court has repeatedly taken judicial notice of documents in a county public
26 record, including deeds of trust. *Western Fed. Sav. v. Heflin*, 797 F.Supp. 790, 792 (N.D. Cal.
1992); *Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1120-21 (N.D. Cal. 2009). This
27 Court has also taken notice of bankruptcy court dockets and filings in bankruptcy court
proceedings. *Id.*

28

70000.1907/3318766.2

5

# IV.  ARGUMENT

**A.      Plaintiffs' First Cause of Action Fails to State a Claim for Wrongful Foreclosure.**

Plaintiffs' First Cause of Action attempts to state a claim against all three defendants for wrongful foreclosure. (Compl., ¶¶ 89-99.)

This claim appears to rest on allegations that MERS could not act as a nominee beneficiary of Plaintiffs' loan, or that securitization of the loan somehow extinguishes Defendants' interest in the loan and therefore relieves Plaintiffs of their obligations to pay back their indebtedness. (*Id.*) Incorporating and relying on the allegations above, Plaintiffs assert that "MERS acted on its own, without any agency authority and relationship with the 'unknown' and 'undocumented' true beneficiary and real party in interest, when it assigned Plaintiffs' mortgage…" (*Id.*, ¶ 92.)

This purported cause of action fails as a matter of law for two basic reasons. First, Plaintiffs' theory that the securitization of the beneficial interest in the deed of trust somehow invalidates the foreclosure or relieves them of their obligations to meet payment obligations fails entirely, finding no support whatsoever under California law. Second, even if there were merit to this theory (and there is not), Plaintiffs cannot state a claim for wrongful foreclosure under it because they have failed to allege any harm or prejudice resulting from such a securitization as required to support a claim for wrongful foreclosure.

The first reason this claim fails is there is no support for Plaintiffs' contention that securitization somehow invalidates foreclosure on the property secured by the deed of trust fails as a matter of law. Courts have uniformly rejected challenges to nonjudicial foreclosure sale based on theories that securitization somehow invalidates the underlying loan agreement. *See Joyner v. Bank of Am. Home Loans*, 2010 WL 2953969, at *2 (D. Nev. July 26, 2010) (rejecting breach of contract claim based on securitization of loan); *Haskins v. Moynihan*, 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims based on securitization because plaintiffs could point to no law indicating that securitization of a mortgage is unlawful); *Lariviere v. Bank of N.Y. as Tr.*, 2010 WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the Larivieres have stated legally cogni-zable claims against these defendants in their amended complaint."). Indeed, "courts have uni-

1  formly rejected that securitization of a mortgage loan provides the mortgagor a cause of action."

2  *Joyner*, 2010 WL 2953969 at *2.  As a result, Plaintiffs' claim that the securitization of the Note

3  establishes the existence of a present and actual controversy is without merit.  Despite their very

4  lengthy descriptions and allegations, Plaintiffs provide no legal basis – nor can they – to challenge

5  the subject foreclosure on the basis that the loan at issue has been securitized.

6        Nor can Plaintiffs state any claim under the terms of the pooling and servicing agreement

7  to which they make reference to in the factual allegations of their complaint.  Plaintiffs were not a

8  party to this agreement and lack standing to assert any cause of action under it.  Nor have they

9  attempted to assert any of the agreement's terms as required to state a claim sounding in contract

10  under California law.[4]

11        In addition, Plaintiffs' various attempts to challenge MERS' authority to act as beneficiary

12  have been thoroughly and repeatedly rejected by California Courts.  As this Court recently

13  explained, "courts have been clear to allow MERS to conduct the foreclosure process when

14  granted the power of sale provision."  *Gomes v. Mortgage Elec. Registration Sys., Inc.*, CIV. S-11-

15  1790 KJM, 2012 WL 370542 (E.D. Cal. Feb. 3, 2012)  "[T]he mere status of MERS as nominee

16  for the lender and beneficiary under the deed of trust cannot cause plaintiff any injury.  *Id.*

17        Similarly, Plaintiffs' allegations that "[t]he true owner(s) and holder(s) of Plaintiffs' Note

18  and DOT are unknown" have been thoroughly and repeatedly discredited.[5]

19

20  [4] If an action is founded on a written contract, "the terms must be set out verbatim in the body of
the complaint or a copy of the written instrument must be attached and incorporated by reference."

21  *Otword v. Southern Pac. Transp. Co.*, 166 Cal.App.3d 452, 458 (1985) (citing *Wise v. Southern
Pac. Co.*, 223 Cal.App.2d 50, 59 (1963)).  Alternatively, the contract may be pleaded by its legal

22  effect, although "[t]his is more difficult, for it requires a careful analysis of the instrument,
comprehensiveness in statement, and avoidance of legal conclusions."  *McKell v. Washington*

23  *Mut. Inc.*, 142 Cal.App.4th 1457, 1489 (2006).  In other words, "[t]o state a cause of action for
breach of contract, it is absolutely essential to plead the terms of the contract either in *haec verba*

24  or according to legal effect."  *Progressive West Ins. Co. v. Superior Ct.*, 135 Cal.App.4th 263, 270
n. 1 (2005) (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989)).  Additionally, a

25  claimant must plead the facts constituting the breach in unequivocal language.  *Poirier v. Gravel*,
88 Cal. 79, 82 (1891).

26

   [5] California Courts have consistently and expressly rejected this argument.  (*Putkkuri v.*

27  *ReconTrust Co.* (S.D. Cal. Jan. 5, 2009) 2009 WL 32567, at *2 ("Pursuant to section 2924(a)(1) of
the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure

28  (footnote continued)

1   In short, Plaintiffs' attempts to challenge the subject foreclosure sale all rest on tired,

2   discredited legal theories, all of which have been rejected by this Court in claims already made by

3   Plaintiffs.

4   Second, even if securitization did somehow provide a legal theory upon which Plaintiffs

5   could rest their claims (and it does not), this cause of action would fail because Plaintiffs fail to

6   articulate any harm or prejudice resulting from such securitization. A plaintiff in a suit for

7   wrongful foreclosure generally must demonstrate the alleged imperfection in the foreclosure

8   process was prejudicial to the plaintiff's interests. *Aceves v. U.S. Bank*, 192 Cal.App.4th 218, 232

9   (2011) (identification of wrong beneficiary in Notice of Default is not reason to stop or undo sale

10   absent prejudice to borrower) (citing *Knapp L. Angell v. Superior Ct.*, 73 Cal.App.4th 691, 700

11   (1999) (failure to comply with procedural requirements must cause prejudice to plaintiff));

12   *Meux v. Trezevant*, 132 Cal. 487, 490 (1901) (prejudice is not presumed from "mere irregularities"

13   in the process).

14   As courts applying this standard have recently explained, the elements of a claim for

15   wrongful foreclosure include a showing that "the party attacking the sale (usually but not always

16   the trustor or mortgagor) was prejudiced or harmed." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89,

17   104 (2011).

18   Plaintiffs here fail to allege any facts to show that they were prejudiced or harmed in any

19   way by virtue of the securitization of their loan or any other purported irregularity referenced in

20   their factual allegations. Accordingly, this claim fails as a matter of law.

21

22   _____

23   process. . . . Production of the original note is not required to proceed with a non-judicial
     foreclosure."); *Candelo v. NDex West, LLC* (E.D. Cal. Dec. 23, 2008) 2008 WL 5382259, at *4

24   ("No requirement exists under the statutory framework to produce the original note to initiate non-
     judicial foreclosure."); *San Diego Home Solutions, Inc. v. ReconTrust Co.* (S.D. Cal. Dec. 10,

25   2008) 2008 WL 5209972, at *2 ("California law does not require that the original note be in the
     possession of the party initiating non-judicial foreclosure."); *Tina v. Countrywide Home Loans,*

26   *Inc.* (S.D. Cal. Oct. 30, 2008) 2008 WL 4790906, at *8 ("Cal. Civ. Code § 2924 outlines the
     requirements for nonjudicial foreclosures in California, and does not include providing the original

27   note prior to the sale.")

28

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

**B.      Plaintiffs' Second Cause of Action Fails to State a Claim to Quiet Title.**

Plaintiffs' Second Cause of Action attempts to state a claim against all named defendants to quiet title. (Compl., ¶¶ 100-105.) This purported cause of action does not contain any additional claims or allegations, but instead seeks to rely entirely on the previous claims.

This purported cause of action fails for two basic reasons:

First, Plaintiffs have not tendered the amount owed as required to bring a claim to quiet title. California courts have recognized that a trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (citation omitted.) Accordingly, California law provides that a plaintiff is not entitled to challenge a foreclosure sale unless he or she first tenders the undisputed obligation in full. Significantly, this tender requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996); *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1225 (1985).

California courts consistently enforce this rule in order to prevent a claimant from fore-stalling a foreclosure sale where doing so would be moot. As the California Court of Appeal explained, "[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal.App.3d 1018, 1021-22 (1989). The court further explained that "requiring full tender by any party seeking to challenge a sale minimizes the possibility of a wasted act by the court." (*Id.*)

Here, Plaintiffs have not tendered the amount owed on the subject loan and therefore cannot quiet title in their favor.

Second, and more fundamentally, the allegations on which this purported claim rests fail as a matter of law irrespective of whether Plaintiffs tendered the amount owed. This claim appears to rest entirely on Plaintiffs' challenge to their obligations under the loan because the loan was securitized, or on the theory that a pooling and servicing agreement to which they were not a party somehow prohibited such securitization. As described above, these allegations in no way invalidate the foreclosure or relieve Plaintiffs of their obligations under their loan.

**C.      Plaintiffs' Third Cause of Action Fails to State a Claim for "Cancellation of Instruments."**

Plaintiffs' Third Cause of Action attempts to state a claim for cancellation of instruments against MERS and BANA. (Compl., ¶¶ 106-108.)[6] "Cancellation of Instruments" does not appear to be a recognized cause of action under California law. Further, insofar as Plaintiffs do attempt to state a cause of action here, this purported claim does not include any additional factual or legal allegations but instead rests solely on the preceding allegations, each of which fail as a matter of law.

**D.      Plaintiffs' Fourth Cause of Action Fails to State a Claim under California Business and Professions Code Section 17200.**

Plaintiffs' Fourth Cause of Action attempts to state a claim for unfair business practices under California Business and Professions Code Section 17200. (Compl., ¶¶ 110-123.)

This claim fails for two fundamental reasons:

First, Plaintiffs lack standing to assert this claim, having failed to state the loss of any particular money or property. A private party may bring an action under section 17200 et seq. only if they have suffered injury in fact and have lost money or property as a result of unfair competition. Cal. Bus & Prof. Code § 17204; *R & B Auto Ctr., Inc. v. Farmers Grp., Inc.*, 140 Cal.App.4th 327, 360 (2006). To plead "injury in fact" properly a plaintiff must allege facts showing that he or she "(1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." *Hall v. Time Inc.*, 70 Cal.Rptr.3d 466, 470-71 (2008) (citations omitted). As federal courts applying this standard have explained, "when we say someone has 'lost' money we mean that he has parted, deliberately or otherwise, with some *identifiable sum* formerly belonging to him or subject to his control; it has passed out of his hands by some means, such as being spent or mislaid, or ceded in a gamble, bad loan, or investment. Similarly, when we say someone has 'lost' property we mean that he has parted with some particular item of property he formerly owned or

[6] There appears to be no paragraph 109.

10

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1  possessed; it has *ceased to belong to him,* or at least has passed beyond his control or ability to

2  retrieve it." *Claridge v. RockYou, Inc.*, 785 F.Supp.2d 855, 862 (N.D. Cal. 2011) (original

3  emphasis.)

4        Plaintiffs' allegations under section 17200 fail to establish the necessary standing under

5  this standard. Nowhere in Plaintiffs' Complaint do they assert any actual money or property that

6  they have in fact lost as a result of Defendants' alleged actions, as required to bring a claim under

7  section 17200.

8        Second, and more fundamentally, Plaintiffs fail to state any legal basis for their purported

9  section 17200 claim. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or

10  practice." Cal. Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.*, 152

11  Cal.App.4th 1544 (2007). Typically, section 17200 claims "borrow" violations of other laws.

12  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999); *Kasky v.*

13  *Nike, Inc.*, 27 Cal.4th 939, 950 (2002). "Where a plaintiff cannot state a claim under the

14  'borrowed' law, she cannot state a UCL claim either." *Rosal v. First Fed. Bank of Cal.*, 671

15  F.Supp.2d 1111, 1126 (N.D. Cal. 2009.) Here, Plaintiffs' Complaint fails to identify any specific

16  acts by Wells Fargo that would amount to violations of other laws. Accordingly, this purported

17  section 17200 claim can not state any cause of action based on these separate allegations and fails

18  as a matter of law.

19  **V. CONCLUSION**

20        The determination of whether to allow leave to amend rests with the sound discretion of

21  the district court. *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991). Such leave is properly denied

22  where further amendment would be futile or where the amended complaint itself would be subject

23  to dismissal. *Id.* In this case, both grounds for denial of leave apply.

24        Plaintiffs' operative pleading is not their first complaint. Nor is it their complaint. Rather,

25  this is the third time Plaintiffs have attempting to assert these claims against these defendants in

26  the last fourteen months. Plaintiffs' decision to repeatedly game the judicial system by voluntarily

27  dismissing a complaint on the eve of its dismissal only to file the same complaint in a different

28  court just days later confirms the dilatory and cynical nature of this action. Not only are Plaintiffs'

1 | tactics plainly abusive, but Plaintiffs' allegations themselves plainly lack merit as a matter of law

2 | and fail to suggest that their fundamental and fatal defects could be cured through additional

3 | amendments.  Accordingly, Defendants respectfully request that this Court grant the present

4 | motion to dismiss in its entirety and without leave to amend, dismissing Plaintiffs' claims with

5 | prejudice.

6

7 | DATED:  June 25, 2014

    SEVERSON & WERSON
    A Professional Corporation

By: _____
        Jason M. Richardson

Attorneys for Defendants BANK OF AMERICA N.A.
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS AND U.S. BANK

12

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES