UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC GUTIERREZ and PURIFICACION INFANTE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC, ("MERS"); AND U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HARBORVIEW MORTGAGE LOAN TRUST 2005-12 MORTGAGE LOAN PASS THROUGH CERTIFICATES, SERIES 2005-12,<br><br>Defendants. | No. 2:14-cv-01246-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Bank of America, N.A. ("BOA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A.'s (collectively, "Defendants") Motion to Dismiss Plaintiffs' Complaint.[1]  (ECF No. 10.)  Plaintiffs Isaac Gutierrez and Purificacion Infante ("Plaintiffs") have filed an opposition to BOA's motion.  (ECF No. 16.)  The Court has carefully considered the arguments raised in BOA's motion and reply as well as Plaintiffs' opposition.  For the reasons set forth below, BOA's motion to dismiss (ECF

---

[1] BOA filed the Motion to Dismiss Plaintiffs' complaint on behalf of all defendants.  (ECF No. 10.)

1

No. 10) is hereby GRANTED.

## I. FACTUAL BACKGROUND

On August 2, 2005, Plaintiff Gutierrez[2] entered into a mortgage loan transaction for the Subject Property.  (Compl., ECF No. 1 at ¶ 7.)  The loan documents were recorded in the Solano County Recorder's Office on August 11, 2005.  (ECF No. 1 at ¶ 8.)  The Deed of Trust identifies Paul Financial, LLC ("Paul Financial") as the lender and Foundation Conveyancing, LLC ("Foundation Conveyancing") as the trustee and  Defendant MERS as the nominal beneficiary for Paul Financial, LLC.  (ECF No. 1 at ¶ 7–8.)

Paul Financial sold Plaintiffs' mortgage loan to Greenwich Capital Financial Acceptance, Inc. ("GCFP") in a verified securitization transaction through Countrywide Home Loans Servicing, LP ("CHL INC"), a loan "Aggregator" and "Originator."  (ECF 1 at ¶ 10.)  GCFP proceeded to sell Plaintiffs' mortgage loan in a pool with other mortgages to securitization "Depositor" Greenwich Capital Acceptance ("GCA").  (ECF No. 1 at ¶ 12.)  Plaintiffs' loan was then sold through a series of securitization transactions into the MBS Trust: Harborview Mortgage Loan Trust 2005-12 ("the HVMLT") on or before the trust's "Closing Date" on September 30, 2005.  (ECF No. 1 at ¶ 15.)  GCA sold the pooled mortgage loans to U.S. Bank as Trustee for the benefit of the certificate holders of the HVMLT before the Closing Date.  (ECF No. 1 at ¶ 19.)

On June 23, 2008, Recontrust Company[3] recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Subject Property.  (ECF No. 1 at ¶ 56.)  Concurrently with the Substitution of Trustee, on December 23, 2009, Recontrust recorded a Notice of Trustee's Sale scheduling a foreclosure sale of the Subject Property for January 7, 2010.  (ECF

---

[2] Plaintiff Gutierrez is the original mortgagor of the Subject Property. (ECF No. 1 at ¶ A.)  Plaintiff Gutierrez transferred a grant deed to "Jorge Infante, a married man as his sole and separate property" on June 5, 2006.  (Def. Req. for Judicial Notice, ECF No. 13, Ex. 8.)  Plaintiff Purificacion Infante was the owner of record of the Subject Property at the time it was sold in foreclosure.  (ECF No. 1 at ¶ B.)  Plaintiffs have provided no documents in the instant filings to support the allegation that Plaintiff Purificacion Infante received an interest in the Subject Property.  However, Exhibit H of Plaintiffs' complaint in *Gutierrez v. Bank of America, N.A.*, No. 2:13-cv-01695-TLN-AC is a grant deed from Jorge I. Infante to Jorge I. Infante & Purificacion M. Infante.  The Court notes that if Plaintiff Gutierrez is no longer the owner of record of the Subject Property, he may lack standing on his claims.  However, the Court expresses no opinion on this issue.

[3] It is unclear from Plaintiff's complaint when MERS substituted Recontrust Company as trustee on Plaintiffs' mortgage.

2

No. 1 at ¶ 65.) On March 8, 2011, Recontrust sold the Subject Property in a foreclosure sale. (ECF No. 1 at ¶ 66.)

On March 14, 2013, Plaintiffs filed a complaint in Solano County Superior Court. (ECF No. 10 at 8.) Less than a week prior to a scheduled hearing on Defendants' demurrer, Plaintiffs voluntarily dismissed the suit. (ECF No. 10 at 9.) Two days later, Plaintiffs filed a complaint in federal court for the same allegations against the same defendants. (ECF No. 10 at 9.) The second complaint was dismissed with thirty days leave to amend. The order dismissing that complaint found as follows: (1) Plaintiffs did not have standing to challenge the validity of the pooling agreement; (2) securitization of the loan did not void the beneficiary's interests; and (3) Plaintiffs could not allege that they were prejudiced by the foreclosure. *Gutierrez v. Bank of America, N.A.*, No. 2:13-cv-01695-TLN-AC, slip op. at 8 (E.D. Cal. Apr. 8, 2014). Plaintiffs voluntarily dismissed rather than amend their complaint. (ECF No. 10 at 9.)

Plaintiffs filed a new case in the Eastern District of California on May 20, 2014. (Compl., ECF No. 1.) The instant complaint, in total their third, was filed less than three weeks after Plaintiffs voluntarily dismissed their previous case and alleges wrongful foreclosure, quiet title, cancellation of written instruments, and violations of Business and Professions Code Sections 17200–17209. (ECF No. 1 at ¶¶ 89–91, 102, 107, 110–23.) Defendants filed the instant motion to dismiss.[4] (ECF No. 10 & 12.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

---

[4] Defendants have also filed a motion for sanctions. (*See* ECF No. 12.) The motion for sanctions seeks an award of attorney's fees and an order preventing Plaintiffs from filing any further actions challenging the nonjudicial foreclosure of the Subject Property without express prior approval of the Court to do so. (ECF No. 12 at 14.) Defendants also seek monetary sanctions from Plaintiffs' attorney. (ECF No. 12 at 1.) The Court addresses Defendants' motion for sanctions in a separate order.

disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.  ANALYSIS**

The Court has already addressed Plaintiffs' claims in its previous order in *Gutierrez v. Bank of America, N.A.*, No. 2:13-cv-01695-TLN-AC, slip op. (E.D. Cal. Apr. 8, 2014).[5] However, the Court reiterates its findings as to each of Plaintiffs' claims and addresses Plaintiffs' attempts to re-characterize their claims in their opposition below.[6] (ECF No. 16.)

a. Wrongful Foreclosure

Plaintiffs argue that during the securitization of the mortgage, a defect occurred that

---

[5] The Court notes that it previously dismissed Plaintiffs' complaint with leave to amend in *Gutierrez v. Bank of America, N.A.*, No. 2:13-cv-01695-TLN-AC to allow Plaintiffs the opportunity to allege more facts to meet the Rule 8 pleading standard. However, Plaintiffs' current complaint contains even less facts than the previous complaint, thereby defeating the purpose of granting leave to amend.

[6] The Court grants Defendants' Request for Judicial Notice (ECF No. 13.). *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute"). "Courts may take judicial notice of some public records, including the records and reports of administrative bodies." *U.S. v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (internal quotations omitted). Because the documents at issue are public records, the Court finds that judicial notice is appropriate and thus GRANTS Defendants' request for judicial notice. (ECF No. 13.)

5

clouded the title. (ECF No. 1 at ¶ 48.) "[T]hrough a series of manipulations and actions by those who purchased Plaintiffs' loan from original lender PAUL FINANCIAL, through aggregator and originator CHL INC, a maze of confusion has been created so that now it is uncertain who, if anyone, aside from Plaintiffs, can make any legitimate claim to an interest in Plaintiffs' real property." (ECF No. 1 at ¶ 34 (internal quotations omitted).) Plaintiffs assert that the assignment of the mortgage loan from Paul Financial or CHL INC to GCFP, GCA, or U.S. Bank never occurred (ECF No. 1 at ¶ 38) and, as a result, the foreclosure is void because none of the Defendants in this case had the right or authority to foreclose upon the property (ECF No. 1 at ¶ 48).

Defendants argue that Plaintiffs' claim fails for two reasons. First, Defendants argue that there is no support for Plaintiffs' contention that securitization somehow invalidates foreclosure on the property secured by the deed of trust as a matter of California law. (ECF No. 10 at 12.) Second, Defendants contend that even if securitization did provide a legal theory upon which Plaintiffs could rest their claims, Plaintiffs fail to articulate any harm or prejudice resulting from securitization. (ECF No. 10 at 14.) Defendants also contend that Plaintiffs lack standing to assert any cause of action pursuant to the Pooling and Servicing Agreement ("PSA") because they were not a party to it. (ECF No. 10 at 13.)

Pursuant to the arguments presented by the parties, the Court makes the following findings: (1) Plaintiffs do not have standing to challenge the validity of the PSA; (2) securitization of the loan does not invalidate the foreclosure on the property secured by the deed of trust as a matter of California law; and (3) even if securitization did provide a legal theory upon which Plaintiffs could rest their claims, Plaintiffs fail to articulate any harm or prejudice resulting from securitization.

*1. Standing to Challenge the PSA*

In support of Plaintiffs' contention that they have standing to challenge the PSA, Plaintiffs cite *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079, 1083 (2013). (ECF No. 16 at 12.) In *Glaski*, the court allowed a plaintiff to challenge the validity of a foreclosure where the plaintiff alleged that the transfer of Glaski's deed of trust to the WAMU Trust was void. *Id*. at 1099. For the reasons stated below, the Court declines to extend the holding set forth in *Glaski*.

Prior to *Glaski*, a majority of the courts followed the California Fourth District Court of Appeal's decision in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), holding that a third party lacks standing to challenge a PSA. *Gilbert v. Chase Home Fin.*, *LLC*, No. 1:13-CV-265 AWI SKO, 2013 WL 2318890, at *3 (E.D. Cal. May 28, 2013); *Elliot v. Mortgage Elec. Registration Sys.*, No. 12-CV-4370 YGR, 2013 U.S. Dist. LEXIS 61820, at *7–*10 (N.D. Cal. Apr. 25, 2013); *Sabherwal v. Bank of N.Y. Mellon*, No. 11cv2874 WQH-BGS, 2013 U.S. Dist. LEXIS 2930, at *20–*21, 2013 WL 101407 (S.D. Cal. Jan. 7, 2013); *Dinh v. Citibank, N.A.*, No. SA CV 12-1502-DOC (RNBx), 2013 U.S. Dist. LEXIS 2312, at *8–*11, 2013 WL 80150 (C.D. Cal. Jan. 7, 2013); *Ramirez v. Kings Mortg. Servs.*, No. 1:12-cv-01109-AWI-SKO, 2012 U.S. Dist. LEXIS 160583, at *13–*14, 2012 WL 5464359 (E.D. Cal. Nov. 8, 2012); *Armstrong v. Chevy Chase Bank*, *FSB*, No. 5:11-cv-05664 EJD, 2012 U.S. Dist. LEXIS 144125, at *6–*7, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012); *Hale v. World Sav. Bank*, No. CIV 2:12-cv-1462-GEB-JFM, 2012 U.S. Dist. LEXIS 141917, at * 17–*18, 2012 WL 4675561 (E.D. Cal. Oct. 1, 2012); *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202, at *3–*7, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012); *Armeni v. America's Wholesale Lender*, No. CV 11–8537 CAS (AGRx), 2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012); *Junger v. Bank of Am.*, No. CV 11-10419 CAS (VBKx), 2012 U.S. Dist. LEXIS 23917, at *7–*8, 2012 WL 603262 (C.D. Cal. Feb. 24, 2012); *Bascos v. Fed. Home Loan Mortgage Corp.*, No. CV 11-3968-JFW JCX, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011).

Plaintiffs contend that *Glaski* changed the law and thus Plaintiffs have standing to challenge the PSA. However, the majority of court decisions since *Glaski* have declined to extend its holding. *See Pratap v. Wells Fargo Bank, N.A.*, No. 12-cv-06379-MEJ, 2014 WL 3884413, at *5 n. 4 (N.D. Cal. Aug. 7, 2014); *Snell v. Deutsche Bank Nat. Trust Co.*, No. 2:13-cv-02178-MCE, 2014 WL 325147, at *4 (E.D. Cal. Jan. 29, 2014); *Surbramani v. Wells Fargo Bank N.A.*, No. C 13-1605 SC, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013); *Newman v. Bank of New York Mellon*, No. 1:12-CV-1629 AWI, 2013 WL 5603316, at *3 (E.D. Cal. Oct. 11, 2013); *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12CV2106-WQH-NLS, 2013 WL 5568737, at *8 (S.D. Cal. Oct. 3, 2013). Therefore, *Glaski* is an outlier and not widely accepted law. As the Court has already informed

Plaintiffs in their previous litigation, this Court adopts the majority view that Plaintiffs do not have standing to challenge the PSA.  Accordingly, Plaintiffs cannot maintain their claim for wrongful foreclosure and dismissal is appropriate.  Moreover, even if Plaintiffs did have standing, Plaintiffs' arguments as to defects in the securitization of the loan and prejudice also fail to state a claim.

>    *2. Securitization of the Loan*

Defendants assert that Plaintiffs' theory—that the securitization of the beneficial interest in the deed of trust somehow invalidates the foreclosure or relieves them of their obligations to meet payment obligations— is not supported by California law.  (ECF No. 10 at 12.)  Plaintiffs contend that the securitization of the loan was illegal and did not result in assignments to GCFP, GCA, or U.S. Bank. (ECF No. 1 at ¶ 32.)  Specifically, Plaintiffs cite a lack of official records regarding the assignments of Plaintiffs' mortgage in the Solano County Recorder's Office as evidence of failure by Paul Financial to assign Plaintiffs' mortgage loan. (ECF No. 1 at ¶¶ 31–32.)  Thus, Plaintiffs contend that Defendants botched the securitization process and engaged in unfair practices that resulted in the wrongful foreclosure of Plaintiffs' property.  (ECF No. 16 at 10.)  Again, the Court finds that Plaintiffs' position is not followed by the majority of courts.  *See Patel v. Mortgage Elec. Registration Sys., Inc.*, No. 4:13-CV-1874 KAW, 2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013)  (finding that the transfer of the Note and the beneficial interest through the securitization process does not constitute a sale of the Property, and therefore, there is no requirement that it be recorded); *McGough v. Wells Fargo Bank, N.A.*, No. C12–0050 TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) ("Theories that securitization undermines the lender's right to foreclose on a property have been rejected by the courts."); *Sami v. Wells Fargo Bank, et al.*, No. 12–00108, 2012 WL 967051 at *4–*6 (N.D. Cal. March 21, 2012)  (rejecting arguments that securitization invalidates standing to foreclose and finding borrower has no standing to challenge violations of the terms of a Pooling and Service Agreement ("PSA") as improper securitization); *Wadhwa v. Aurora Loan Servs., LLC*, No. 11–1784, 2011 WL 2681483 at *4 (E.D. Cal. July 8, 2011)  (rejecting argument that securitization and assignment of the note to a REMIC invalidates interests other than the borrower's); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009)  (rejecting argument that defendants' power of sale is lost by assignment of original promissory note to a trust

pool); *Benham v. Aurora Loan Servs.*, No. 09–2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) (rejecting same argument regarding trust pool); *Reyes v. GMAC Mortgage LLC*, No. 11–0100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) ("securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust"); *see also Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (noting that "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure"). As this Court has previously informed Plaintiffs, the Court declines Plaintiffs' invitation to apply the minority approach and thus finds that Plaintiffs' claim for wrongful foreclosure fails.

   *3.  Prejudice*

Defendants contend that Plaintiffs have not adequately alleged that the foreclosure was prejudicial. (ECF NO. 10 at 12.) The elements of an equitable cause of action to set aside a foreclosure sale are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).

Here, Plaintiffs' wrongful foreclosure claim fails because Plaintiffs do not allege facts that satisfy the second or third prong. Specifically, Plaintiffs fail to allege that they were able to tender the amount owed on the mortgage. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests."); *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1508 (2012) (finding no prejudice from assignment of loan where borrowers defaulted on the loan and failed to tender and cure default); *cf. Silga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("The assignment of the deed of trust and the note did not change [plaintiffs'] obligations under the note, and there is no reason to believe that ... the original lender would have

1  refrained from foreclosure in these circumstances.").

2  Relative to the third prong, Plaintiffs contend that they are exempt from the tender
3  requirement because the foreclosure resulted from a fraudulent attempt to procure legal title and
4  Defendants' unlawful breach of their duties. (ECF No. 16 at 14.) However, Plaintiffs' fraud
5  claim is based on their mortgage loan assignments and securitization theory which the Court has
6  already established as an invalid basis to challenge a foreclosure. (ECF No. 1 at 49–52.)
7  Moreover, even if the foreclosure resulted from fraudulent documents, Plaintiffs still cannot show
8  the second prong, prejudice, because they have not alleged that they could meet the financial
9  obligations under the loan. *Albano v. Cal-Western Reconveyance Corp.*, No. 4:12-cv-4018
10 KAW, 2012 WL 5389922, at *6 (N.D. Cal. Nov. 5, 2012) (finding that "the prejudice or harm
11 element is met only if a plaintiff demonstrates that the foreclosure would have been averted but
12 for [the] alleged deficiencies," and an inability to pay prevents a plaintiff from doing so); *Herrera
13 v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th at 1508. Accordingly, Defendants' motion to
14 dismiss Plaintiffs' wrongful foreclosure claim is GRANTED.

15    b.   Quiet Title

16 Defendants assert that Plaintiffs' Second Cause of Action for Quiet Title fails because
17 Plaintiffs have not tendered the amount owed as required to bring a claim to quiet title. (ECF No. 10
18 at 15.) This Court agrees.

19 An action to quiet title is brought "to establish title against adverse claims to real or personal
20 property or any interest therein." Cal. Civ. Proc. Code § 760.020. In a quiet title action, two
21 conditions must be met. First, a complaint must be verified and include "(1) a legal description of the
22 property and its street address or common designation, (2) the title of the plaintiff and the basis of the
23 title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is
24 sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims."
25 *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS
26 89723, at *15 (S.D. Cal. Sept. 29, 2009) (citing Cal. Civ. Proc. Code § 761.020). Second, a plaintiff
27 must pay or offer to pay any outstanding debts on the subject property before the action to quiet title
28 is commenced. *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177–78 (E.D. Cal. 2010);

*Phillips v. Wells Fargo Bank, N.A.*, No. 09CV1486-H (BLM), 2009 WL 3756698, at *5 (S.D. Cal. Nov. 6, 2009). Even assuming that the first prong is met, Plaintiffs cannot succeed on this claim because they do not alleged that they or offered to pay any outstanding debts on the subject property. As such, their claim for quiet title fails, and Defendants' motion to dismiss this claim is GRANTED.

      c.   Cancellation of Instruments

Plaintiffs essentially claim that pursuant to the securitization of the loan, Defendants were divested of their interest in the loan, and thus any subsequent transfers of interest were false assignments and the loan contracts and Promissory Notes are null and void as to Defendants. (ECF No. 1 at ¶¶ 33, 47–48.) Consequently, Plaintiffs ask the Court to cancel the Deeds of Trust. (ECF No. 1 at ¶ 108.)

"[I]n an action for rescission or cancellation of instruments, a complainant is required to do equity 'by restoring to the defendant any value the plaintiff received from the transaction.'" *Andrade v. Wachovia Mortgage, FSB*, No. 09 CV 0377 JM (WMC), 2009 WL 1111182, at *4 (S.D. Cal. Apr. 21, 2009) (quoting *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796–97 (1961)). Plaintiffs have not alleged that they are prepared to return the loan proceeds to Defendants, therefore they fail to state a claim for cancellation of the loan documents. *Id.* As such, Defendants' motion to dismiss Plaintiffs' claim for cancellation is GRANTED.

      d.   California Business and Professions Code §§ 17200–17209 ("UPL")

Plaintiffs base their UPL claim on the theory that the practices[7] Defendants allegedly applied to Plaintiffs' mortgage loan are likely to deceive and fraudulent. (ECF No. 1 at ¶ 111.) Plaintiffs also claim that Defendants fail to act in good faith and "engage in a uniform pattern and practice of unfair

---

[7] Plaintiff lists the following as deceptive business practices: "(a) Assessing improper or excessive late fees; (b) Improperly characterizing customers['] accounts as being in default or delinquent status to generate unwarranted fees; (c) Instituting improper or premature foreclosure proceedings to generate unwarranted fees; (d) Misapplying or failing to apply customer payments; (e) Failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed; (f) Seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract or California law, or that are in excess of amounts legally due; (g) Mishandling borrowers' mortgage payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or default; (h) Treating borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements or California law; (i) Failing to disclose the fees, costs and charges allowable under the mortgage contract; (j) Ignoring grace periods; (k) Executing and recording false and misleading documents; and (l) Acting as beneficiaries and trustees without the legal authority to do so." (ECF No. 1 at ¶ 113.)

and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees against California consumers." (ECF No. 1 at ¶ 114–15.)

Section 17200 ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable. However, the law does more than just borrow. The statutory language referring to any unlawful, unfair *or* fraudulent practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted) (italics added).

Many of the aforementioned practices complained of relate to payments and defaults. *See infra* fn5. In the course of this litigation, Plaintiffs have not alleged that they were not in default on their loan. Thus, the Court attributes little to no merit to these accusations and instead focuses on Plaintiffs' allegations that Defendants were "executing and recording false and misleading documents; and acting as beneficiaries and trustees without the legal authority to do so." (ECF No. 1 at ¶ 113.) The Court has already established that Defendants had no obligation to record the assignments of mortgage securities and Defendants did not do so in this case. (ECF No. 1 at ¶ 31–32.) *See Patel*, 2013 WL 4029277, at *4; *see also Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006) ("a failure to disclose a fact [that] one has no affirmative duty to disclose is not 'likely to deceive' anyone within the meaning of the UCL.") Because Defendants were not required to record or disclose the assignments of mortgage securities, their failure to do so cannot support an allegation of a misleading practice within the meaning of the UCL. *See Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1556 (2007) (citing *Daugherty*, 144 Cal. App. 4th at 838). As such, Defendants' motion to dismiss Plaintiffs' § 17200 claim is hereby GRANTED.

///
///
///
///

### IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 10) is hereby GRANTED.  Plaintiffs may file an amended complaint within thirty (30) days of the entry of this order.  Failure to do so, including voluntary dismissal, will result in dismissal of Plaintiffs' claims with prejudice.

IT IS SO ORDERED.

Dated:  March 2, 2015

      Troy L. Nunley
      United States District Judge