UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC GUTIERREZ AND PURIFICACION INFANTE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC ("MERS"); AND U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE BARBORVIEW MORTGAGE LOAN TRUST 2005-12 MORTGAGE LOAN PASS THROUGH CERTIFICATES, SERIES 2005-12,<br><br>Defendants. | No. 2:14-cv-01246-TLN<br><br>**ORDER** |

     This matter is before the Court pursuant to Defendants Bank of America, N.A.'s ("BOA") and U.S. Bank, N.A.'s ("Defendants") Motion for Sanctions. (ECF No. 12.) Plaintiffs Isaac Gutierrez and Purificacion Infante ("Plaintiffs") have filed an opposition to BOA's motion. (ECF No. 17.) The Court has carefully considered the arguments raised in Defendants' motion and reply as well as Plaintiffs' opposition. For the reasons set forth below, Defendants' Motion for Sanctions (ECF No. 12) is hereby DENIED.

///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On August 2, 2005, Plaintiff Gutierrez[1] entered into a mortgage loan transaction for the Subject Property. (Compl., ECF No. 1 at ¶ 7.) The loan documents were recorded in the Solano County Recorder's Office on August 11, 2005. (ECF No. 1 at ¶ 8.) The Deed of Trust identifies Paul Financial, LLC ("Paul Financial") as the lender and Foundation Conveyancing, LLC ("Foundation Conveyancing") as the trustee and Defendant MERS as the nominal beneficiary for Paul Financial, LLC. (ECF No. 1 at ¶ 7–8.)

Paul Financial sold Plaintiffs' mortgage loan to Greenwich Capital Financial Acceptance, Inc. ("GCFP") in a verified securitization transaction through Countrywide Home Loans Servicing, LP ("CHL INC"), a loan "Aggregator" and "Originator." (ECF 1 at ¶ 10.) GCFP proceeded to sell Plaintiffs' mortgage loan in a pool with other mortgages to securitization "Depositor" Greenwich Capital Acceptance ("GCA"). (ECF No. 1 at ¶ 12.) Plaintiffs' loan was then sold through a series of securitization transactions into the MBS Trust: Harborview Mortgage Loan Trust 2005-12 ("the HVMLT") on or before the trust's "Closing Date" on September 30, 2005. (ECF No. 1 at ¶ 15.) GCA sold the pooled mortgage loans to U.S. Bank as Trustee for the benefit of the certificate holders of the HVMLT before the Closing Date. (ECF No. 1 at ¶ 19.)

On June 23, 2008, Recontrust Company[2] recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Subject Property. (ECF No. 1 at ¶ 56.) Concurrently with the Substitution of Trustee, on December 23, 2009, Recontrust recorded a Notice of Trustee's Sale scheduling a foreclosure sale of the Subject Property for January 7, 2010. (ECF No. 1 at ¶ 65.) On March 8, 2011, Recontrust sold the Subject Property in a foreclosure sale.

---

[1] Plaintiff Gutierrez is the original mortgagor of the Subject Property. (ECF No. 1 at ¶ A.) Plaintiff Gutierrez transferred a grant deed to "Jorge Infante, a married man as his sole and separate property" on June 5, 2006. (Def. Req. for Judicial Notice, ECF No. 13, Ex. 8.) Plaintiff Purificacion Infante was the owner of record of the Subject Property at the time it was sold in foreclosure. (ECF No. 1 at ¶ B.) Plaintiffs have provided no documents in the instant filings to support the allegation that Plaintiff Purificacion Infante received an interest in the Subject Property. However, Exhibit H of Plaintiffs' complaint in *Gutierrez v. Bank of America, N.A.*, No. 2:13-cv-01695-TLN-AC is a grant deed from Jorge I. Infante to Jorge I. Infante & Purificacion M. Infante.
  The Court notes that if Plaintiff Gutierrez is no longer the owner of record of the Subject Property, he may lack standing on his claims. However, the Court expresses no opinion on this issue.
[2] It is unclear from Plaintiff's complaint when MERS substituted Recontrust Company as trustee on Plaintiffs' mortgage.

(ECF No. 1 at ¶ 66.)

On March 14, 2013, Plaintiffs filed a complaint in Solano County Superior Court. (ECF No. 10 at 8.) Less than a week prior to a scheduled hearing on Defendants' demurrer, Plaintiffs voluntarily dismissed the suit. (ECF No. 10 at 9.) Two days later, Plaintiffs filed a complaint in federal court for the same allegations against the same defendants. (ECF No. 10 at 9.) The second complaint was dismissed with thirty days leave to amend. (ECF No. 12 at 8.) The order dismissing that complaint found that: (1) Plaintiffs do not have standing to challenge the validity of the pooling agreement; (2) securitization of the loan does not void the beneficiary's interests; and (3) Plaintiffs cannot allege that they were prejudiced by the foreclosure. *Gutierrez v. Bank of America, N.A.,* No. 2:13-cv-01695-TLN-AC, slip op., at 8 (E.D. Cal. Apr. 8, 2014) ("*Gutierrez*"). Plaintiffs voluntarily dismissed rather than choosing to amend their complaint. (ECF No. 10 at 9.)

Plaintiffs filed a new case in the Eastern District of California on May 20, 2014. (Compl., ECF No. 1.) The instant complaint was filed less than three weeks after Plaintiffs voluntarily dismissed their previous case and alleges wrongful foreclosure, quiet title, cancellation of written instruments and violations of Business and Professions Code Sections 17200–17209. (ECF No. 1 at ¶¶ 89–91, 102, 107, 110–23.) On March 02, 2015, this Court granted Defendants' Motion to Dismiss Plaintiffs' Complaint. (ECF No. 10.) The Court allowed Plaintiffs thirty (30) days from the entry of the order to file an amended complaint, but warned Plaintiffs that failure to do so, including voluntary dismissal, would result in dismissal of Plaintiffs' claims with prejudice.

Defendants filed the instant motion seeking sanctions, an award of attorney's fees, and an order preventing Plaintiffs from filing any further actions challenging the nonjudicial foreclosure of the subject property without express prior approval of the Court. (ECF No. 12 at 14.)

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 11 ("Rule 11") provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause

3

> unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule....

Fed. R. Civ. P. 11. Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rather, Rule 11 is governed by an objective standard of reasonableness. *See, e .g., Conn v. CSO Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990)). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. *Bhambra v. True*, No. 09–cv–4685–CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks and citation omitted). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). "If Rule 11(b) was violated, the court 'may' impose sanctions." *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03957, 2014 WL 296873, at *2 (N.D. Cal. Jan. 27, 2014).

///

///

4

**III.   ANALYSIS**

The Court addresses each of Defendants' arguments below.[3]

    1. <u>Improper Purpose</u>

Defendants argue that Plaintiffs' complaint constitutes harassment and seeks to use litigation to delay the disposition of the Subject Property. (ECF No. 12 at 11.)  In response, Plaintiffs contend that their previous litigation was dismissed without prejudice within the proper procedures of the respective courts. (ECF No. 17 at 6.)  Plaintiffs also assert that their lawsuit has unfolded while the laws governing wrongful foreclosure have undergone constant change and not been well-settled. (ECF No. 17 at 6.)

Pursuant to the arguments presented by the parties, the Court makes the following findings: (1) Plaintiffs' numerous law suits have been filed for improper purposes and may constitute harassment; and (2) Plaintiffs seek to use litigation to delay the disposition of the Subject Property.

    **a.   Harassment**

Defendants contend that Plaintiffs and their counsel are fully aware that the Court expressly rejected the legal theories Plaintiffs assert in the present action. (ECF No. 12 at 11.)  In support, Defendants cite *G.C. & K.B. Invs., Inc. v. Wilson* ("*Wilson*"), where the court found "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." 326 F.3d 1096, 1109 (9th Cir. 2003).  Plaintiffs assert that their series of complaints are in response to constant change concerning the laws governing wrongful foreclosure, and are thus justified. (ECF No. 17 at 6.)

"Harassment under Rule 11 focuses upon the improper purpose of the signer, objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986).  "For a claim of

---

[3] The Court GRANTS Defendants' Request for Judicial Notice of loan documents and court filings in previous litigation between the parties. (ECF No. 13.)  Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute").  "Courts may take judicial notice of some public records, including the records and reports of administrative bodies." *U.S. v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (internal quotations omitted).  Because the documents at issue are public records, the Court finds that judicial notice is appropriate and thus GRANTS Defendants' request for judicial notice. (ECF No. 13.)

5

harassment to be sustained on the basis of successive filings, there must exist an identity of parties involved in the successive claim, and a clear indication that the proposition urged in the repeat claim was resolved in the earlier one." *Id.* at 834; *see McMahon v. Pier 39 Ltd. P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (holding that plaintiffs' restatement of the same underlying claims in thirteen successive lawsuits was harassment under Rule 11); *see Wilson*, 326 F.3d at 1110 (holding that successive motions based on propositions of law clearly rejected by the court were filed for the improper purpose of harassment, violating Rule 11).

The Court finds Plaintiffs' argument disingenuous at best. It is clear that Plaintiffs filed their most recent complaint in an effort to find a judge more sympathetic to their arguments. Plaintiffs' second amended complaint in their previous law suit was filed less than three weeks after Plaintiffs voluntarily dismissed their previous case. (ECF No. 12 at 8; ECF No. 1.) Plaintiffs have not provided any evidence or case law in support of their contention that the laws concerning wrongful foreclosure underwent change in that month. Moreover, the Court notes that Plaintiffs did not cure the deficiencies in their previous suit by alleging additional facts in their new case. *Gutierrez*, No. 2:13-cv-01695-TLN-AC. (ECF No. 1.) In fact, Plaintiffs' most recent complaint alleged *fewer* facts.[4] Plaintiffs have failed to establish a proper purpose for continually filing duplicative, deficient complaints. Thus, Plaintiffs' subsequent complaint alleging the same facts and claims is either an attempt to harass Defendants or an attempt to judge shop. In any event, either purpose is improper.

As for Plaintiffs' attorney, he did not file the previous complaints. Thus, there is no evidence that Plaintiffs' attorney was aware of the order dismissing the second complaint.

**b. Delay**

Defendants argue that Plaintiffs only continue to file complaints to delay Plaintiffs' removal from the Subject Property. (ECF No. 12 at 12.) In support, Defendants cite *Myers v. America's Servicing Co.*, where the court found that plaintiffs who instituted over ten Chapter 13

---

[4] Plaintiffs allege multiple Notices of Trustee Sale have been served, but neglected to allege more than one in the present complaint. (ECF No. 17 at 7; ECF No. 1 at ¶ 65.) *See Gutierrez*, No. 2:13-cv-01695-TLN-AC, at 2–4.

bankruptcy petitions and several lawsuits in both state and federal court did so for the improper purpose of delaying a foreclosure sale. 227 F.R.D. 268, 269 (E.D. Va. 2005). In the instant case, Plaintiffs again offer the unavailing argument that their multiple filings were necessary in light of changing laws regarding wrongful foreclosures and the multiple Notices of Trustee's Sale that they received. (ECF No. 17 at 7.) In addition, Plaintiffs argue that sanctions are an extraordinary remedy, "to be exercised with extreme caution" and unwarranted because Plaintiffs' previous actions were not denied with prejudice and were done within the proper procedures of the respective courts. (ECF No. 17 at 6.)

The Court finds Plaintiffs' arguments unpersuasive. It is clear that Plaintiffs are attempting to delay the foreclosure of the Subject Property by filing multiple complaints seeking to overturn the foreclosure. (ECF No. 1 at 40.) "The courts are not vehicles for hindering proper foreclosure proceedings that occur due to the plaintiffs' default on their mortgage." *Maxwell*, 2014 WL 296873, at *2. Plaintiffs did not cure the defects of their second complaint and have provided no plausible reason for their successive filing of identical complaints in such a short timeframe. (ECF No. 12 at 8.) Therefore, the Court finds Plaintiffs filed the instant complaint for the improper purpose of delay.

### IV.  CONCLUSION

Although the Court finds that Plaintiffs filed identical filings for improper purposes, the Court does not find that Plaintiffs' actions approach a level of conduct sufficient to impose sanctions at this time. Accordingly, Defendants' motion for sanctions is DENIED as to Plaintiffs and DENIED as to Plaintiffs' attorney. However, the Court cautions Plaintiffs that should the complained of behavior continue the Court might be inclined to impose sanctions in the future.

IT IS SO ORDERED.

Dated:  March 6, 2015

Troy L. Nunley
United States District Judge