1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11   ISAAC GUTIERREZ and                        No.  2: 14-CV-01246-TLN-AC
     PURIFICACION  INFANTE,
12
                        Plaintiffs,
13
              v.                                **ORDER GRANTING DEFENDNATS'**
                                                **MOTION TO DISMISS AND DENYING**
14                                              **DEFENDANTS' MOTION FOR**
     BANK OF AMERICA, N.A.,                      **SANCTIONS**
15   MORTGAGE ELECTRONIC
     REGISTRATIONS SYSTEMS, INC,
16   ("MERS"); AND U.S. BANK,
     NATIONAL ASSOCIATION AS
17   TRUSTEE FOR THE HARBORVIEW
     MORTGAGE LOAN TRUST 2005-12
18   MORTGAGE LOAN PASS THROUGH
     CERTIFICATES, SERIES 2005-12
19
                        Defendants.
20

21
              This matter is before the Court pursuant to Defendants Bank of America, N.A. ("BOA"),
22
     Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A.'s ("U.S. Bank")
23
     (collectively referred to as "Defendants") motion to dismiss (ECF No. 27) and motion for
24
     sanctions (ECF No. 29) against Plaintiffs Isaac Gutierrez ("Gutierrez") and Purification Infante
25
     ("Purification") (collectively referred to as "Plaintiffs").[1]  Plaintiffs have filed responses to both
26

27   _____
     [1]      In support of their motion for sanctions, Defendants have requested judicial notice of the following: A copy
     of the grant deed in favor of Gutierrez dated August 3, 2005, and recorded on August 11, 2005, in the official records
28   of the Solano County Assessor/Recorder's Office as document number 200500121726; a copy of the August 2, 2005
     Recorded Deed of Trust, which secured a loan in the amount of $1,125,000.00 obtained by Gutierrez from Paul

                                                   1

motions, (*see* ECF Nos. 31, 32), to which Defendants have replied (*see* ECF Nos. 33, 34).  The

Court has carefully considered the arguments presented by both parties.  For the reasons set forth

below, Defendants' motion to dismiss is GRANTED, and Defendants' motion for sanctions is

DENIED.

## I.   BACKGROUND INFORMATION

At the outset, the Court notes that Plaintiffs have brought multiple lawsuits before this

Court pertaining to the matter at hand.  As discussed in more detail below, the Court has

previously dismissed Plaintiffs' claims against Defendants.

This matter is the result of Plaintiffs' failure to meet their payment obligations on a

$1,125,000.00 residential property loan.  Gutierrez acquired an interest in the property located at

4594 McCready Court, Fairfield, CA, 94534 ("the Property"), in August of 2005, acquiring a loan

in the amount of $1,250,000 from Paul Financial, LLC secured by a deed of trust to the subject

---

Financial on real property located at 4594 McCready Court, Fairfield, California 94534 ("the Property"), which was recorded on August 11, 2005, in the Official Records of the Solano County Assessor/Recorder's Office as Document No. 200500121728; a copy of the June 20, 2008 Notice of Default and Election to Sell Under Deed of Trust issued to Gutierrez by Recontrust Company, N.A. ("Reconstruct"), and accompanying Notice of Default Declaration issued by Stacey Kershberg on June 20, 2008, which were recorded on June 23, 2008, in the Official Records of the Recorder's Office as Document No. 200800050679; a copy of the Notice of Trustee's Sale pertaining to the Property, issued to Gutierrez by Recontrust, on February 10, 2011, and recorded on February 15, 2011, in the official records of the Solano County Assessor/Recorder's Office as Document No. 201100014125; a copy of the Notice of Trustee's Sale pertaining to the Property, issued to Gutierrez by Recontrust and recorded on January 13,2010, in the official records of the Solano County Assessor/Recorder's Office as Document No. 201000003722; a copy of the Trustee's Deed Upon Sale recording a conveyance of the Property, which was recorded in the official records of the Solano County Assessor/Recorder's Office on March 24, 2011, as Document Number 201100025740; a copy of the complaint filed by Plaintiffs on March 14, 2013, in the Superior Court of California, Solano County, in case number FCS041394, including all exhibits; a copy of the demurrer, opposition and reply filed by filed be the parties in the Superior Court of California, Solano County, in case number FCS041394; a copy of the voluntary dismissal without prejudice filed by Plaintiffs on August 13, 2013, in the Superior Court of California, Solano County, in case number FCS041394; a copy of the docket from Eastern District of California Civil Case 2:13-CV-01695 captioned *Gutierrez v. Bank of America, et al.*; a copy of the Complaint filed by Plaintiffs in the Eastern District of California Civil Case 2:13-CV-01695; a copy of this Court's April 8, 2014 Order dismissing the Complaint filed by Plaintiffs in the Eastern District of California Civil Case 2:13-CV-01695; a copy of the Notice of Motion and Motion for Voluntary Dismissal filed by Plaintiffs in the Eastern District of California Civil Case 2:13-CV-01695 on May 2, 2014; and a copy of the *lis pendens* recorded on the Property by Plaintiffs' counsel, which is recorded in the official records of the Solano County Recorder's Office as document number 201300005839.  (*See* ECF No. 30.)

Under Rule 201, facts appropriate for judicial notice are those "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The documents attached hereto are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Deeds of Trust and similarly recorded public documents are widely held as proper subjects of judicial notice.  *See, e.g., In the Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of deeds and assignments).  As such, the Court GRANTS Defendants' request for judicial notice (ECF No. 30) of the aforementioned documents.

1  property.  (Request for Judicial Notice in Support of Demurrer ("RJN"), Exhibits 1 and 2.)  After

2  acquiring this loan, Gutierrez fell into default.  In June of 2008, he was served with a Notice of

3  Default informing him he was $17,808.95 in default on the loan and advising him of the

4  consequences of a failure to cure this loan deficiency.  (RJN, Ex. 3.)  Gutierrez failed to cure the

5  default and repeated notices of trustee's sale have subsequently been issued and recorded.  (RJN,

6  Exs. 4, 5 and 6.)  Eventually the property was sold at trustee's sale.  (RJN, Ex. 7.)  In response to

7  this nonjudicial foreclosure, Plaintiffs have chosen to file three separate lawsuits, culminating in

8  the present action.

9      On March 14, 2013, Plaintiffs filed an unlimited civil action against BOA, Recontrust, and

10  MERS in Solano County Superior Court.  (RJN, Ex. 9.)  In response, the defendants in that case

11  filed a demurrer, seeking to obtain dismissal of Plaintiffs' claims for failure to state a cause of

12  action as a matter of law, and noticing the demurrer for hearing August 19, 2013.  (RJN, Ex. 10.)

13  Plaintiffs responded to the demurrer by filing an opposition brief, which defendants met with a

14  reply brief.  (RJN, Exs. 11 and 12.)  On August 13, 2013, one week before the hearing, Plaintiffs

15  chose to voluntarily dismiss their state court action without prejudice.  (RJN, Ex. 13.)

16      Two days after dismissing that complaint, Plaintiffs filed their second lawsuit in this

17  Court.  (RJN, Exs. 14 and 15.)  That lawsuit (like the present suit) named BOA, MERS and U.S.

18  Bank as defendants.  That lawsuit (also like the present one) was based on allegations that the

19  securitization of Gutierrez's loan violated a pooling and servicing agreement ("PSA") to which he

20  not a party, and therefore, he is relieved of his obligations to meet payment duties under the loan.

21  (RJN, Ex. 15 at 16–30.)  Defendants filed a motion to dismiss in that suit, and this Court granted

22  the motion.  (RJN, Ex. 16.)   In its order, the Court included a detailed discussion and analysis of

23  Plaintiffs' allegations concerning securitization and the alleged pooling and servicing agreement

24  and expressly found:  "(1) Plaintiffs do not have standing to challenge the validity of the PSA; (2)

25  securitization of the loan does not void the beneficiary's interests; and (3) Plaintiffs cannot allege

26  that they were prejudiced by the foreclosure."  (RJN, Ex. 16 at 7: 1–4.)  The Court granted

27  Plaintiffs thirty days to file a First Amended Complaint.  (RJN, Ex. 16 at 11:27–12:3.)

28      Plaintiffs filed a voluntary dismissal in lieu of filing an amended complaint.  (RJN, Ex.

3

1    17.)  Three weeks later, Plaintiffs filed another lawsuit in the Eastern District of California.  The

2    lawsuit was again brought against BOA, MERS and U.S. Bank.  Plaintiffs alleged the same

3    causes of action again based on theories of law that this Court had already determined were

4    invalid.  Although that case was not originally before this Court due to Plaintiffs' failure to file a

5    notice of related case, it was transferred to this Court upon determination that it was related to the

6    previous law suit.  (*See* ECF No. 18.)  Prior to the transfer, Defendants again moved to dismiss

7    (ECF No. 10) and moved for sanctions (ECF No. 12).  This Court granted the motion to dismiss

8    (EC No. 24), but denied the motion for sanctions (ECF No. 25).  In its order, the Court warned

9    Plaintiffs that should they continue to file complaints without curing the deficiencies that have

10   plagued all of the previous complaints, that this Court would be inclined to sanction Plaintiffs for

11   filing lawsuits for an improper purpose, harassment, and delay.  (ECF No. 25.)  That brings this

12   Court to Plaintiffs' First Amended Complaint ("FAC"), and both Defendants' instant motion to

13   dismiss and motion for sanctions.

14          The basic facts that make up Plaintiffs' FAC are as follows: On August 2, 2005, Gutierrez

15   entered into a mortgage loan transaction for the Subject Property.  (ECF No. 26 at ¶ 7.)  The loan

16   documents were recorded in the Solano County Recorder's Office on August 11, 2005.  (ECF No.

17   26 at ¶ 8.)  The Deed of Trust identifies Paul Financial, LLC ("Paul Financial") as the lender and

18   Foundation Conveyancing, LLC ("Foundation Conveyancing") as the trustee and Defendant

19   MERS as the nominal beneficiary for Paul Financial, LLC. (ECF No. 26 at ¶ 7–8.)

20          Paul Financial sold Gutierrez's mortgage loan to Greenwich Capital Financial

21   Acceptance, Inc. ("GCFP") in a verified securitization transaction through Countrywide Home

22   Loans Servicing, LP ("CHL INC"), a loan "Aggregator" and "Originator."  (ECF 26 at ¶ 10.)

23   GCFP proceeded to sell the mortgage loan in a pool with other mortgages to securitization

24   "Depositor" Greenwich Capital Acceptance ("GCA").  (ECF No. 1 at ¶ 12.)  The loan was then

25   sold through a series of securitization transactions into the MBS Trust: Harborview Mortgage

26   Loan Trust 2005-12 ("the HVMLT") on or before the trust's "Closing Date" on September 30,

27   2005.  (ECF No. 26 at ¶ 15.)  GCA sold the pooled mortgage loans to U.S. Bank as Trustee for

28   the benefit of the certificate holders of the HVMLT before the Closing Date.  (ECF No. 26 at ¶

4

19.)

On June 23, 2008, Recontrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Subject Property.  (ECF No. 26 at ¶ 63.)  Concurrently with the Substitution of Trustee, on December 23, 2009, Recontrust recorded a Notice of Trustee's Sale scheduling a foreclosure sale of the Subject Property for January 7, 2010.  (ECF No. 26 at ¶ 72.)  On March 8, 2011, Recontrust sold the Subject Property in a foreclosure sale. (ECF No. 1 at ¶ 73.)

These facts are duplicative of the previous complaints.  In fact, the complaints are identical except for the addition of seven paragraphs that allege as follows:

46. In August 08, 2006, GUTIERREZ, the borrower and owner of the subject property deeded the subject property to Jorge Infante who in turn issued a grant deed to his wife, Purie Infante.

47. Purie Infante wrote Country Wide Home Loans and notified them of the grant deed; she also mentioned in that letter that she would take over the property and start paying for the monthly amortization, the home insurance and the property tax.

48. COUNTRYWIDE did not respond to that letter but continued sending the mortgage statements to GUTIERREZ at the same address, 4594 McCready Court, Fairfield CA 94534.

49. Purie Infante continued paying both COUNTRYWIDE (the first loan) and IndyMac Bank (for the second loan) for the mortgage, the property tax and the home insurance; when she experienced financial difficulty in 2008, she contacted COUNTRYWIDE several times in 2008 by phone and by written communication for a modification.

50. COUNTRYWIDE refused to speak to Purie Infante even though she was making payments on the mortgage. Even after she obtained a Special Power of Attorney from Isaac Gutierrez to allow her to negotiate with COUNTRYWIDE, and sent a copy of the Special Power of Attorney to COUNTRYWIDE, they still refused to talk to Infante.

51. When GUTIERREZ attempted to negotiate with COUNTRYIDE due to their noncommunication, CONTRYWIDE [sic] informed him they would not speak to him because the PROPERTY was not his primary residence. As a result CONYTRYWIDE [sic] did not attempt to speak to either Plaintiff about a modification.

52. When the Notice of Default was issued to the PROPERTY, Infante attempted several times to contact COUNTRYWIDE but they refused to talk with her.  Additionally, neither Infante nor

5

1    GUTIERREZ received the Notice of Default and/or Notice of
2    Trustee Sale through proper service.

3    (ECF No. 26 at ¶¶ 46–52.)

4    **II.    LEGAL STANDARDS**

5    A.  Motion to Dismiss

6    Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

7    statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556

8    U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

9    defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic*

10   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

11   pleading standard relies on liberal discovery rules and summary judgment motions to define

12   disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*,

13   534 U.S. 506, 512 (2002).

14   On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

15   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

16   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

17   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963).  A plaintiff need not allege

18   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

19   relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

20   factual content that allows the court to draw the reasonable inference that the defendant is liable

21   for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

22   Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

23   factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

24   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

25   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

26   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

27   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

28   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6

1    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

2    facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

3    been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

4    459 U.S. 519, 526 (1983).

5           Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

6    facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting

7    *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

8    across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.

9    While the plausibility requirement is not akin to a probability requirement, it demands more than

10   "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility inquiry is

11   "a context-specific task that requires the reviewing court to draw on its judicial experience and

12   common sense."  *Id.* at 679.

13          In ruling upon a motion to dismiss, the court may consider only the complaint, any

14   exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

15   Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

16   *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

17   1998).

18          If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

19   amend even if no request to amend the pleading was made, unless it determines that the pleading

20   could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

21   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

22   *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

23   denying leave to amend when amendment would be futile).  Although a district court should

24   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

25   deny such leave is 'particularly broad' where the plaintiff has previously amended its

26   complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

27   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

28   ///

7

B. <u>Motion for Sanctions</u>

Federal Rule of Civil Procedure 11 ("Rule 11") provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule....

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002).  Rather, Rule 11 is governed by an objective standard of reasonableness. *See, e .g., Conn v. CSO Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992).  "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. *Bhambra v. True*, No. 09–cv–4685–CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks and citation omitted).  "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any

1    provisions of subdivision (b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th

2    Cir. 1994).  "If Rule 11(b) was violated, the court 'may' impose sanctions." *Maxwell v. Deutsche*

3    *Bank Nat'l Trust Co.*, No. 13-cv-03957, 2014 WL 296873, at *2 (N.D. Cal. Jan. 27, 2014).

4        **III.    ANALYSIS**

5        Plaintiffs allege four causes of action within the FAC: (1) wrongful foreclosure; (2) quiet

6    title; (3) cancellation of instruments; and (4) violations of California Business and Professional

7    Code § 17200 ("§ 17200").  The Court addresses each one in turn and then turns to Defendants'

8    motion for sanctions.

9        A.  Wrongful Foreclosure

10       Plaintiffs assert that "Defendants successfully foreclosed on Plaintiffs' home property

11   wrongfully, through the use of both fraudulent, as well as invalid, documents, thus causing

12   irregularities in the foreclosure sale, which effectively void the Corporation Assignment(s) of

13   Deed of Trust and hold ineffective the other aforementioned documents valid."  (FAC, ECF No.

14   26 at ¶ 98.)  Specifically, Plaintiffs assert that "the true unknown beneficiary did not authorize

15   and/or execute said documents, nor did the true unknown beneficiary directed [sic] any of the

16   Defendants to take any action on behalf of itself."  *Id.*  In their opposition, Plaintiffs clarify that

17   their claim revolves around the validity of transfers made during the securitization process: "the

18   issue here is not securitization in itself; the issue is that the Defendants did not properly transfer

19   title to the land during this securitization process; consequently any future sale and/or transfer

20   would not be legal."  (ECF No. 31 at 6.)

21       Defendants present two arguments as to why Plaintiffs' claim for wrongful foreclosure

22   fails:  First, that Plaintiffs' theory—that the securitization of the beneficial interest in the deed of

23   trust somehow invalidated the foreclosure or relieved them of their obligations to meet payment

24   obligations—lacks any support whatsoever under California law; second, that even if there were

25   merit to Plaintiffs' theory, Plaintiffs have not alleged the requisite harm or prejudice resulting

26   from such a securitization to support their wrongful foreclosure claim.  (ECF No. 27 at 7–8.)

27   This Court agrees that Plaintiffs' legal theory as to "illegal transfers" is a nonstarter, and thus the

28   Court need not address Defendants' second argument.

1    In Plaintiffs' opposition, Plaintiffs rely on *Gomes v. Countrywide Home Loans*, 192 Cal

2   App. 4th 1149 (2011), to support their position that they can challenge the securitization process.

3   (ECF No. 31 at 9–10.)  However, *Gomes* specifically held that a third party lacks standing to

4   challenge a PSA.  *Gomes*, 192 Cal App. 4th 1154–55.  The majority of cases since *Gomes* have

5   held the same.  *See Elliot v. Mortgage Elec. Registration Sys.*, No. 12-CV-4370 YGR, 2013 U.S.

6   Dist. LEXIS 61820, *7–*10 (N.D. Cal. Apr. 25, 2013); *Sabherwal v. Bank of N.Y. Mellon*, No.

7   11cv2874 WQH-BGS, 2013 U.S. Dist. LEXIS 2930, *20–*21, 2013 WL 101407 (S.D. Cal. Jan.

8   7, 2013); *Dinh v. Citibank, N.A.*, No. SA CV 12-1502-DOC (RNBx), 2013 U.S. Dist. LEXIS

9   2312, *8–* 11, 2013 WL 80150 (C.D. Cal. Jan. 7, 2013); *Ramirez v. Kings Mortg. Servs.*, No.

10   2012 U.S. Dist. LEXIS 160583, 2012 U.S. Dist. LEXIS 160583, *13–*14, 2012 WL 5464359

11   (E.D. Cal. Nov. 8, 2012); *Armstrong v. Chevy Chase Bank, FSB*, No. 5:11-cv-05664 EJD, 2012

12   U.S. Dist. LEXIS 144125, *6–*7, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012); *Hale v. World*

13   *Sav. Bank*, No. 2:12-cv-1462-GEB-JFM , 2012 U.S. Dist. LEXIS 141917, * 17–*18, 2012 WL

14   4675561 (E.D. Cal. Oct. 1, 2012); *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. C-12-3061

15   EMC, 2012 U.S. Dist. LEXIS 137202, *3–*7, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012*);*

16   *Junger v. Bank of Am.*, No. 2012 U.S. Dist. LEXIS 23917, 2012 U.S. Dist. LEXIS 23917, *7–*8,

17   2012 WL 603262 (C.D. Cal. Feb. 24, 2012).

18    Moreover, any distinction that Plaintiffs are attempting to make between the legality of

19   transfers made during the pooling of the loan and the PSA itself are without support and lack

20   merit.  As the California Fourth District Court of Appeal has explained:

21   even if the asserted improper securitization (or any other invalid
     assignments or transfers of the promissory note subsequent to her
22   execution of the note on Mar. 23, 2007) occurred, the relevant
     parties to such a transaction were the holders (transferors) of the
23   promissory note and the third party acquirers (transferees) of the
     note.  "Because a promissory note is a negotiable instrument, a
24   borrower must anticipate it can and might be transferred to another
     creditor.  As to plaintiff, an assignment merely substituted one
25   creditor for another, without changing her obligations under the
     note." (*Herrera* [*v. Federal Nat. Mortg. Assn.*, 205 Cal. App. 4th
26   1495,] 1507)  As an unrelated third party to the alleged
     securitization, and any other subsequent transfers of the beneficial
27   interest under the promissory note, Jenkins lacks standing to
     enforce any agreements, including the investment trust's pooling
28   and servicing agreement, relating to such transactions.

10

1  *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 514–15 (2013), *as modified*

2  (June 12, 2013).  Plaintiffs simply cannot show that they have standing to challenge the PSA or

3  transfer made within the PSA'a framework.  Moreover, Plaintiffs cannot show that the alleged

4  ineffectual transfers relieve Gutierrez of his repayment duties pursuant to his loan.  Plaintiffs have

5  not put forth a valid legal argument to support wrongful foreclosure despite their numerous

6  opportunities to do so.  As such, Defendants' motion to dismiss Plaintiffs' claim for wrongful

7  foreclosure is GRANTED.

8  B.  <u>Quiet Title</u>

9         Plaintiffs bring their quiet title action while making the same specific allegations that this

10  Court considered in Plaintiffs' last complaint.  Plaintiffs have literally copied and pasted the

11  paragraphs from their previous complaint into the instant FAC.  (*Compare* ECF No. 1 at ¶¶ 106–

12  08 *with* ECF No. 26 at ¶¶ 114–16.)  Plaintiffs seek a judicial determination that the title to the

13  Subject Property is vested in Plaintiffs alone, and that Defendants have no interest, right or title in

14  the Subject Property.  (ECF No. 26 at ¶ 111.)  Plaintiffs allege that "Defendants failed to obtain

15  any legal ownership or equitable interest in the Subject Property on the date of the Trustees Sale,

16  since the Trustees' Sale was initiated through fraud and wrongful conduct" (improper transfers),

17  and therefore, the foreclosure sale was void.  (ECF No. 26 at ¶ 112.)

18         Defendants move for dismissal asserting that Plaintiffs' claim fails because: (1) Plaintiffs

19  cannot meet the tender rule; and (2) Plaintiffs' claims rely on the premise that an alleged defect in

20  the securitization or transfers extinguished Plaintiffs' legal obligations to pay back the loan.  In

21  response, Plaintiffs seem to assert that the tender rule does not apply because of Defendants'

22  "alleged fraud," and that "Plaintiffs did offer to buy back the property in 2014 when they learned

23  that it had been put for sale on Auction.com[:] This action of offering to buy the property would

24  satisfy the other prong of a quiet title claim since a repurchase of the property would resolve

25  issues over proper title."  (ECF No. 31 at 15.)

26         An action to quiet title is brought "to establish title against adverse claims to real or

27  personal property or any interest therein."  Cal. Civ. Proc. Code § 760.020.  In a quiet title action,

28  two conditions must be met.  First, a complaint must be verified and include "(1) a legal

11

1   description of the property and its street address or common designation, (2) the title of the

2   plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as

3   of which the determination is sought, and (5) a prayer for the determination of the title of the

4   plaintiff against the adverse claims." *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-

5   01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *15, 2009 WL 3214321 (S.D. Cal. Sept. 29,

6   2009) (citing Cal. Civ. Proc. Code § 761.020).   Second, a plaintiff must pay or offer to pay any

7   outstanding debts on the subject property before the action to quiet title is commenced.   *Hamilton*

8   *v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177–78 (E.D. Cal. 2010); *Phillips v. Wells Fargo*

9   *Bank, N.A.*, No. 09CV1486-H (BLM), 2009 WL 3756698, at *5 (S.D. Cal. Nov. 6, 2009).   This

10   second requirement is known as the tender rule.   The tender rule is not an absolute rule, but is

11   required unless equity compels waving it or because the sale is void.   *Lueras v. BAC Home Loans*

12   *Servicing, LP*, 221 Cal. App. 4th 49, 87 (2013).

13
> A sale is not rendered void merely because of minor or technical
14
> defects.   (*See Knapp v. Doherty* (2004) 123 Cal. App. 4th 76, 95–
> 99, 20 Cal. Rptr. 3d 1.)   A sale is rendered void, though, when the
15
> defects are substantial, such as when there has been a failure to
> give notice of sale to the trustor or to specify the correct default in the
16
> notice of default.

17   *Ram v. OneWest Bank, FSB*, 234 Cal. App. 4th 1, 11 (2015).   "The rationale behind the rule is

18   that if plaintiffs could not have redeemed the property had the sale procedures been proper, any

19   irregularities in the sale did not result in damages to the plaintiffs."   *FPCI RE-HAB 01 v. E & G*

20   *Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989).   California's Fourth District Court of

21   Appeals has stated "[t]o hold otherwise would permit plaintiffs to state a cause of action without

22   the necessary element of damage to themselves."   *Id.* (citing *Arnolds Management Corp. v.*

23   *Eischen*, 158 Cal. App. 3d 575, 580 (1984)).

24          In their opposition, Plaintiffs offer two arguments as to why the tender rule does not bar

25   their claim: First, that the rule was satisfied because they "did offer to buy back the property in

26   2014 when they learned that it had been put for sale on Auction.com."   (ECF No. 31 at 15.)

27   Second, Plaintiffs assert that Defendants' fraud (wrongful transfers) void the foreclosure sale.

28          As to Plaintiffs' first assertion, Plaintiffs have not presented any case law to support that

1  bidding to buy a house after a foreclosure has been completed satisfies the tender rule. The Court

2  notes that Plaintiffs have failed to allege that they offered to tender the amount that was actually

3  due on the loan. Furthermore, the Court finds it suspect that this allegation, which is not in

4  Plaintiffs' FAC, is presented for the first time in opposition to Defendants' motion to dismiss. In

5  any event, the bare allegations presented concerning this matter do not suffice to show that the

6  tender rule has been satisfied.

7       As to Plaintiffs' assertion that their fraud claim negates the tender rule requirement, at the

8  outset, the Court notes that Plaintiffs do not actually bring a claim for fraud against Defendants.

9  However, to the extent that their claims against Defendants could be construed as fraud claims,

10  this Court finds that they have not alleged sufficient facts to support fraud. To state a claim for

11  fraud, a claimant must allege (a) misrepresentation (false representation, concealment, or

12  nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

13  reliance; (d) justifiable reliance; and (e) resulting damage. *Davis v. HSBC Bank Nevada*, N.A.

14  691 F.3d 1152, 1163 (9th Cir. 2012). Plaintiffs have failed to allege facts that support that

15  Plaintiffs justifiably relied on Defendants' alleged fraud (improper transfer of the note) and that

16  this fraud was the resulting damage. More specifically, Plaintiffs have failed to allege any

17  occurrence that would have negated Gutierrez's obligation to make loan payments under the

18  Note. The failure to make such payment is the reason for the foreclosure or damage in this

19  situation, not any action made by Defendants. Whether or not transfers were incorrectly or

20  ineffectively executed does not change Gutierrez's loan obligations which he admittedly failed to

21  honor. Therefore, Plaintiffs have not provided this with facts that would allow Plaintiffs to

22  sustain this action. As such, Defendants' motion to dismiss Plaintiffs' Second Cause of Action

23  for quiet title is GRANTED.

24              C. Cancellation of Instruments

25       Plaintiffs essentially claim that pursuant to the securitization of the loan, Defendants were

26  divested of their interest in the loan, and thus any subsequent transfers of interest were false

27  assignments and the loan contracts and Promissory Notes are null and void as to Defendants.

28  (ECF No. 26 at ¶¶ 33, 54–57.) Consequently, Plaintiffs ask the Court to cancel the Deeds of

1    Trust. (ECF No. 26 at ¶¶ 114–16.)

2          Defendants argue that cancellation of instruments is not a recognized cause of action

3    under California law and also assert that the FAC suffers from the same inequities as the previous

4    complaint dismissed by this Court.  (ECF No. 27 at 12.)

5          As this Court explained in its previous order,[2] "[I]n an action for rescission or cancellation

6    of instruments, a complainant is required to do equity 'by restoring to the defendant any value the

7    plaintiff received from the transaction.'"  *Andrade v. Wachovia Mortgage, FSB*, No. 09-CV-0377

8    JM (WMC), 2009 WL 1111182, at *4 (S.D. Cal. Apr. 21, 2009) (quoting *Fleming v. Kagan*, 189

9    Cal. App. 2d 791, 796–97 (1961).  As discussed above, Plaintiffs have not alleged that they are

10   prepared to return the loan proceeds to Defendants.  Therefore, they fail to state a claim for

11   cancellation of the loan documents, and Defendants' motion to dismiss Plaintiffs' claim for

12   cancellation is hereby GRANTED.

13              D.  California Business and Professional Code § 17200 ("UPL")

14         Plaintiffs base their UPL claim on the theory that the practices Defendants allegedly

15   applied to Plaintiffs' mortgage loan are likely to deceive and fraudulent. (ECF No. 1 at ¶ 111.)

16   Plaintiffs also claim that Defendants fail to act in good faith and "engage in a uniform pattern and

17   practice of unfair and overly-aggressive servicing that result in the assessment of unwarranted and

18   unfair fees against California consumers."  (ECF No. 26 at ¶¶ 118–33.)  Defendants assert that

19   Plaintiffs' claim fails because Plaintiffs do not have standing, and Plaintiffs fail to state any legal

20   basis for their purported section 17200 claim.  (ECF No. 27 at 12–13.)  For the reasons stated

21   below, the Court finds that Plaintiffs have not alleged unfair or fraudulent practices by

22   Defendants.[3]

23         Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal.

24   Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554

25   (2007).

26         By  proscribing  any  unlawful  business  practice,  section  17200

27   _____
     [2]   *See* March 3, 2015 Order, ECF No. 24.
     [3]   Because Plaintiffs cannot allege facts that support an unlawful, unfair or fraudulent practice, the Court need
28   not address Plaintiffs' standing to do so.

1
2
3
4

> borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable. However, the law does more than just borrow. The statutory language referring to any unlawful, unfair *or* fraudulent practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law.

5   *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180

6   (1999) (internal quotations and citations omitted) (italics added).

7          Here, Plaintiffs' allegations concerning this claim are all founded on their theory that

8   Defendants did not have a valid interest in the mortgage affecting the Subject Property.  However,

9   case law does not support Plaintiffs' allegation that Defendants' recording practices are unlawful,

10  unfair, or fraudulent.  *See Patel v. Mortgage Elec. Registration Sys., Inc.*, No. 4:13-CV-1874

11  KAW, 2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013) (finding that the transfer of the Note

12  and the beneficial interest through the securitization process does not constitute a sale of the

13  Property, and therefore, there is no requirement that it be recorded); *McGough v. Wells Fargo

14  Bank, N.A.*, No. C12–0050 TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) ("Theories

15  that securitization undermines the lender's right to foreclose on a property have been rejected by

16  the courts."); *Sami v. Wells Fargo Bank, et al.*, No. 12–00108, 2012 WL 967051 at *4–*6 (N.D.

17  Cal. March 21, 2012) (rejecting arguments that securitization invalidates standing to foreclose

18  and finding borrower has no standing to challenge violations of the terms of a Pooling and

19  Service Agreement as improper securitization); *Wadhwa v. Aurora Loan Servs.*, LLC, No. 11–

20  1784, 2011 WL 2681483 at *4 (E.D. Cal. July 8, 2011) (rejecting argument that securitization,

21  and assignment of the note to a REMIC invalidates interests other than the borrower's); *Hafiz v.

22  Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (rejecting

23  argument that defendants' power of sale is lost by assignment of original promissory note to a

24  trust pool); *Benham v. Aurora Loan Servs.*, No. 09–2059, 2009 WL 2880232, at *3 (N.D. Cal.

25  Sept. 1, 2009) (rejecting same argument regarding trust pool); *Reyes v. GMAC Mortgage LLC*,

26  No. 11–0100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) ("securitization of a loan does not

27  in fact alter or affect the legal beneficiary's standing to enforce the deed of trust"); *see also Lane

28  v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (noting that

1    "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a

2    beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee,

3    mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure").

4           Because Plaintiffs' have failed to allege any unlawful, unfair or fraudulent business act or

5    practice that would support Plaintiffs' § 17200 claim, Defendants' motion to dismiss Plaintiffs' §

6    17200 claim is hereby GRANTED.

7                  E.   Sanctions

8           In its previous order, the Court admonished Plaintiffs that it would sanction them if they

9    continued to file identical complaints in an effort to harass Defendants or delay their removal

10    from the Property.  (*See* Order, ECF No. 25 at 7.)  Although much of the FAC is verbatim of

11    Plaintiffs' previous complaint, the Court does find that Plaintiffs have at least attempted to cure

12    the deficiencies by adding some factual information.  (ECF No. 26 at ¶¶ 46–52.)  Unfortunately,

13    these allegations about Purification's attempts to take over the mortgage do not aid Plaintiffs

14    because she was never on the loan and Gutierrez's attempts to deed the property to Purification

15    and Jorge Infante in no way invalidate his obligations under the loan.  However, because it seems

16    that Plaintiffs have at least attempted to cure the deficiencies in their claim, the Court declines to

17    award sanctions at this time.  In making this decision, the Court has considered that Plaintiffs'

18    claims will be dismissed with prejudice, and thus Plaintiffs will be unable to use this litigation to

19    harass Defendants or delay ejectment from the Property.

20        **IV.**   **CONCLUSION**

21           For the foregoing reasons the Court hereby **GRANTS** Defendants motion to dismiss

22    Plaintiffs' FAC (ECF No. 27) in its entirety.  Plaintiffs' claims for wrongful foreclosure, quiet

23    title, cancellation of instruments, and violations of §17200 are hereby **DISMISSED WITH**

24    **PREJUDICE**.  Defendants' motion for sanctions (ECF No. 29) is **DENIED**.  This case is

25    therefore **CLOSED**, and the Clerk of Court is directed to close this case.

26           IT IS SO ORDERED.

27    Dated: January 26, 2016

28

                                         Troy L. Nunley
                                         United States District Judge